**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOUIS LEONETTI, an individual and BRANDON LEONETTI, an individual and DOES 1-10.<br><br>　　　　Defendants. | Case No. 2:25-cv-00568-AB-MAR<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

///
///

CONSENT JUDGMENT AND PERMANENT INJUNCTION

The Court, having reviewed Plaintiff San Antonio Winery, Inc. and Defendants Louis Leonetti and Brandon Leonetti (collectively "Defendants") and jointly referred to as the "Parties" Stipulated Consent Judgment and Stipulated Order of Dismissal Without Prejudice are acknowledged in that the Parties have reached a settlement as memorialized in a Settlement Agreement regarding the claims and/or causes of action as stated in Plaintiff's complaint, Dkt. 1 ("Complaint"). Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

- The Stipulated Consent Judgment below is entered;
- The Complaint is dismissed without prejudice; and
- The Court will retain jurisdiction to enforce the terms of the Consent Judgment, Permanent Injunction and Settlement Agreement.

DATED: April 2, 2025

Andre Birotte Jr.
U.S. District Judge

Plaintiff San Antonio Winery, Inc. ("San Antonio" or "Plaintiff"), by and through its attorneys, and Defendants Louis Leonetti and Brandon Leonetti, collectively referred to as "Defendants" agree as follow:

1. San Antonio is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City and County of Los Angeles in the State of California.

2. Defendant Louis Leonetti in an individual having an address of 30 Judy's Court, Hammonton, New Jersey 08037.

3. Defendant Brandon Leonetti is an individual having an address of 2601 4th Ave., Sweetwater, New Jersey 08037.

4. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1331,1338, and 28 U.S.C. §§ 1391(b)(c)(3).

5. San Antonio is the sole and exclusive owner of incontestable U.S. Registration No. 3,576,044 for the mark JERSEY GIRL in Class 33 for use in connection with wine with a first use in commerce date of October 23,2007 (the "'044 Registration") and the common law rights in and to the JERSEY GIRL trademark.

8. On or about, March 20, 2022, Defendants filed an intent-to-use U.S. Trademark Application for the mark JERSEY GIRL WHISKEY for use in connection with distilled spirits, which has been assigned Serial No. 98/295,663 (the "'663 Application").

9. The United States Patent and Trademark Office refused registration of the '663 Application in light of San Antonio's '044 Registration, the Leonetti Brothers appealed to the Trademark Trial and Appeal Board ("Board") and subsequently lost the appeal with the Board holding there is a likelihood of confusion between the marks JERSEY GIRL and JERSEY GIRL WHISKEY (Proceeding No. 97321068);

9. On January 22, 2025, San Antonio filed this action against Defendants

- 1 -
CONSENT JUDGMENT AND PERMANENT INJUNCTION

1  in the United States District Court for the Central District of California (the "Court"),
2  alleging violations of the Lanham Act and seeking injunctive relief (the "Action").
3  The Action alleges that Defendants' have offered for sale and are presently selling
4  alcoholic beverages under the trademark JERSEY GIRL WHISKEY which violates
5  San Antonio's incontestable registered and common law trademark rights in and to
6  its JERSEY GIRL trademark.

7       10.   The Parties entered into an agreement resolving the Action "Settlement
8  Agreement". Per the Settlement Agreement Defendants shall not use any trademark
9  or designation that makes use of the terms "JERSEY GIRL" or any permutation of
10 those terms including JERSEY GIRL WHISKEY, whether alone or in combination
11 with other words, characters or symbols, in connection with the sale, offer for sale,
12 promotion or advertising of alcoholic beverages.

13       11.   Under the Settlement Agreement, the Parties have stipulated and
14 consented to the entry of this Judgment and Permanent Injunction:

16 **NOW, THEREFORE, IT IS FURTHER AGREED, AS FOLLOWED:**
17       This matter having come before the Court on the Stipulation of the Parties, the
18 Court finds as follows:
19       A.    Final judgment is entered in favor of San Antonio Winery and against
20 Defendants as alleged in San Antonio Winery's complaint;
21       B.    The Parties have agreed that San Antonio's JERSEY GIRL trademark is
22 valid, enforceable, fully subsisting, and acquired secondary meaning in the
23 marketplace within the meaning of the Lanham Act 15 U.S.C. §1051 et seq.;
24       C.    Defendants and any parents, subsidiaries, affiliates, officers, agents,
25 servants, employees, attorneys, and those persons in active concert or participation
26 with them, who received actual notice of this injunction by personal service or
27 otherwise, are permanently restrained and enjoined from:
28            i. Using any mark or designation that makes use of the phrase JERSEY

GIRL or any permutation of that phrase, including JERSEY GIRL WHISKEY, whether alone or in combination with other words, characters or symbols as a trademark, servicemark, company name, or domain name in connection with the sale, offer for sale, promotion or advertising of any alcoholic beverages;

    ii. Instructing or directing any third parties to prepare either electronic or print advertising, flyers, containers, labels or packaging bearing the phrase JERSEY GIRL or any permutation of that phrase including JERSEY GIRL WHISKEY, whether alone or in combination with other words, characters or symbols as a trademark, servicemark, company name, or domain name for use in connection with the sale, offer for sale, promotion or advertising of any alcoholic beverages;

    iii. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the JERSEY GIRL trademark.

D. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement, and in its discretion may award counsel fees to a party or reopen the case; and

E. Each party to the Action shall bear its own costs and expenses, and attorney fees incurred in or arising out of or in any way relating to the subject matter of the Settlement Agreement or the Action.

| Authorized and Approved | Party |
|---|---|
| Jeffrey G. Sheldon<br>California Bar Number 67516<br>Katherine M. Bond<br>California Bar Number 263020<br>Cislo & Thomas LLP<br>12100 Wilshire Blvd., Ste. 1700<br>Los Angeles, CA 90025<br>(310) 979-9190 | San Antonio Winery, Inc.<br><br>By: _____<br>Anthony Riboli, Vice President<br><br>Date: 2/14/25 |

- 3 -
CONSENT JUDGMENT AND PERMANENT INJUNCTION

| | | |
|---|---|---|
| 1<br>2<br>3 | jsheldon@cislo.com<br>kbond@cislo.com<br>Attorneys for Plaintiff<br>San Antonio Winery, Inc. | |
| 4<br>5<br>6 | *In Pro Per* | Louis Leonetti<br>By: *[signature]*<br>Date: 2/10/25 |
| 7<br>8<br>9 | *In Pro Per* | Brandon Leonetti<br>By: *[signature]*<br>Date: 2/10/25 |